**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bruce Kurchack, | No. CV-09-1766-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| Life Insurance Company of North America; RBC Wealth Management Disability Plan, | |
| Defendants. | |

Pending before the Court are Defendants' Motion for Summary Judgment (Doc. 13) and Plaintiff's Motion for Leave to File a Sur-reply (Doc. 20). For the following reasons, the Court denies both motions.[1]

**BACKGROUND**

Plaintiff Bruce Kurchack began working as the senior vice president of RBC Wealth Management ("RBC") on July 14, 2006. As an employee, Kurchack was eligible to receive protection under the RBC Wealth Management Disability Plan ("RBC Plan"), which is a qualified plan under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* At some point, Kurchack became disabled due to severe depression and

---

[1] Arizona Local Rule of Civil Procedure 7.2 generally does not allow sur-replies. Plaintiff's Motion for Leave does not provide a compelling reason, sufficient under the Local Rules, to allow a sur-reply. The Court, therefore, denies the Motion for Leave.

1 anxiety, and Kurchack ceased working for RBC on August 20, 2008. Kurchack made a
2 claim for disability benefits, but the claim was denied both initially and on appeal.
3 Kurchack's Complaint seeks unpaid disability benefits under the RBC Plan from September
4 14, 2008 forward.

On April 20, 2009, Kurchack filed a voluntary petition for Chapter 7 personal bankruptcy in the United States Bankruptcy Court for the District of Arizona ("Bankruptcy Court"). When Kurchack filed the Schedules to his bankruptcy, he did not list his claimed disability insurance benefits from RBC as an "[i]nterest in insurance polic[y]" or as any "[o]ther contingent and unliquidated claim." (Dkt. # 13, Ex. B.) Kurchack later filed an amendment to his bankruptcy Schedules, but again did not list his interest in the disability benefits. On August 3, 2009, the Bankruptcy Court entered a discharge order in favor of Kurchack. Shortly thereafter, on August 24, 2009, Kurchack then filed this lawsuit. As of the date of this Order, Kurchack's bankruptcy case remains open.

**DISCUSSION**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

**I.  Kurchack Is Not Judicially Estopped From Raising His Claim.**

Judicial estoppel is an equitable doctrine that prevents a party from benefitting by taking one position, but then later seeking to benefit by taking a clearly inconsistent position. *Hamilton v. State Farm Fire & Cas. Ins. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). Three main factors help determine whether judicial estoppel applies. *Id.* (citing *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001)). "'First, a party's later position must be 'clearly inconsistent' with its earlier position'" *Id.* (quoting *New Hampshire*, 532 U.S. at 750). In the bankruptcy context, this inconsistency may result "from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Id.* at 783. Second, the party must have "'succeeded in persuading a court to accept that party's earlier position.'" *Id.* at 782 (quoting *New Hampshire*, 532 U.S. at 750).

"'Third, the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.'" *Id.* (quoting *New Hampshire*, 532 U.S. at 751).

An additional relevant factor is whether the party to be estopped merely acted inadvertently, or whether the party acted with an intent to defraud the court or creditors. *Johnson v. Or. Dep't of Human Res. Rehab. Div.*, 141 F.3d 1361, 1369 (9th Cir. 1998) (holding that judicial estoppel does not apply if based "only on inadvertence or mistake" rather than on "chicanery") (citing *In re Corey*, 892 F.2d 829, 836 (9th Cir. 1989)); *see also Hefland v. Gerson*, 105 F.3d 530, 536 (9th Cir. 1997) ("It is inappropriate [to apply estoppel] when a party's prior position was based on inadvertence or mistake.").[2] Furthermore, in the bankruptcy context, judicial estoppel may be necessary "to protect the integrity of the bankruptcy process." *Id.* at 785. These factors, however, are not "'inflexible prerequisites or an exhaustive formula,'" as "'[a]dditional considerations may inform the doctrine's application in specific factual contexts.'" *Id.* at 783 (quoting *New Hampshire*, 532 U.S. at 751).

It is inappropriate to apply judicial estoppel in this case. The parties do not dispute that Kurchack's later position—that he has a claim to benefits from the RBC Plan—is clearly inconsistent with his earlier position in Bankruptcy Court that he had no such claim. Nor do the parties dispute that the Bankruptcy Court relied on the prior statement in granting Kurchack a discharge.

---

[2] The Court rejects Defendants' assertion that *Johnson*, 141 F.3d at 1369, is inapplicable. While *Johnson*, 141 F.3d at 1361, was not a bankruptcy case and was decided before *Hamilton*, 270 F.3d at 782, Defendants do not explain a meaningful distinction between judicial estoppel generally and judicial estoppel in the bankruptcy context. As this Court has explained in another case, a party's inadvertence is a relevant factor when considering whether to apply judicial estoppel in bankruptcy. *See Meda v. Snell & Wilmer, LLP*, 2009 WL 3132932 at *3–4 n. 6–7 (D. Ariz. Sept. 28, 2009) (holding that *Johnson* is meaningful precedent in bankruptcy and that a Court may consider a party's inadvertence). Regardless, none of the factors are dispositive, and the Court may weigh these factors to determine if judicial estoppel is appropriate.

The remaining factors, however, do not favor judicial estoppel. Kurchack would not derive an unfair advantage from being allowed to progress with this case, even though the Bankruptcy Court granted Kurchack a discharge based on the incomplete bankruptcy Schedules. Rather, because the RBC Plan benefits are appear to be exempt, Kurchack gained no benefit by omitting the claim from his Schedules.[3] For the same reason, declining to apply judicial estoppel would not risk substantial prejudice to any entity. Even if Kurchack's initial Schedules had included the RBC Plan benefits, they would have revested to Kurchack and would have been unavailable to creditors. *See In re Kretzer*, 48 B.R. 585, 587 (Bankr. D. Nev. 1985) ("Unless a party in interest timely objects, property claimed as exempt is exempted from the bankruptcy estate. . . . Property exempted from the estate revests in the debtor.") (citing 11 U.S.C. § 522). Further, the fact that Kurchack amended his Schedules to list the property as exempt also suggests that his omission of the RBC Plan benefits from the initial Schedules was inadvertent, as Kurchack would have had no incentive to hide an asset that would have reverted back to him in any event.

This case is analogous to another district court case within the Ninth Circuit. *Schneider v. Unum Life Ins. Co. of Am.*, 2008 WL 1995459 (D. Or. May 6, 2008). In *Schneider*, the debtor failed to disclose a potential cause of action against the defendant as an asset in bankruptcy and then subsequently brought a separate cause of action against that defendant. *Id.* at *3–4. Because the asset would have been exempt, however, the court did not apply judicial estoppel. *Id.* at *5–7. The court explained that a debtor's failure to disclose an exempt asset poses little threat to creditors and to the integrity of the judicial system because the omission of an exempt asset has only a small effect on the bankruptcy court's determination of the bankruptcy estate. *See id.* at *6. Similarly, Kurchack's initial failure to list the RBC Plan benefits as an asset poses little concern for creditors or for the judicial system, as the exempt benefits would not have been available to creditors. The *Schneider*

---

[3] As explained below, the RBC Plan benefits are exempt as a function of bankruptcy law.

court also noted that the defendant had not offered evidence of the debtor's bad faith. *Id.* at *7. Likewise, Defendants in this case have not offered evidence of Kurchack's bad faith, and the Court finds no reason to infer such a motive.

Defendants assert that judicial estoppel applies because Kurchack's amendment was insufficient to make the RBC Plan benefits exempt. Defendants' arguments, however, are unpersuasive. The Bankruptcy Court, not the district court, is charged with determining whether the benefits are exempt. *See Mergia v. Adams*, 2009 WL 1604706 at *8 (E.D. Cal. June 5, 2009) ("Whether or not plaintiff could have claimed an exemption for [certain property], his failure to make such a claim in the bankruptcy proceedings precluded the trustee from objecting to such an exemption and having a determination made as to whether this asset was in fact exempt."); *Acuna*, 560 F. Supp.2d at 556 (implying that the bankruptcy court, not the district court, determines in the first instance whether property is exempt). Nonetheless, 11 U.S.C. § 522(l) provides, "Unless a party in interest objects, the property claimed as exempt on [the list of the debtor's property] is exempt." Any objection to prevent the property from being classified as exempt must be made within thirty days of the amendment. *See* Fed. R. Bankr. P. 4003(b)(1) ("[A] party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension.").[4] Kurchack amended his bankruptcy Schedule to list the RBC Plan benefits as exempt on March 11, 2010. By April 11, 2010, no objection or request to extend the time for filing objections had been filed. Therefore, the rights to the RBC Plan benefits are exempt as a matter of law.

It is further immaterial that Kurchack amended his Schedules only in response to the

---

[4] Bankruptcy Rule 4003(b) also allows for longer deadlines to file objections in other situations, which are not relevant here.

Motion for Summary Judgment and only after receiving a discharge. "Under Bankruptcy Rule 1009(a), a voluntary petition, list or schedule may be amended by the debtor as a matter of course any time before the case is closed." *In re Magallanes*, 96 B.R. 253, 255 (B.A.P. 9th Cir. 1988). Because Kurchack's bankruptcy case was still open at the time of amendment, Kurchack's amendment to list the RBC Plan benefits as exempt should be allowed unless Defendants can demonstrate either bad faith or prejudice to third parties. *See id.* at 256 ("Amendments are and should be liberally allowed at any time absent a showing of bad faith or prejudice to third parties."); *see also In re Arnold*, 252 B.R. 778, 784 (B.A.P. 9th Cir. 2000) (explaining that bad faith and prejudice must be shown, at a minimum, by preponderance of the evidence, and potentially by clear and convincing evidence); *In re Myatt*, 101 B.R. 197, 200 (Bankr. E.D. Cal. 1989) (holding that a debtor could amend his bankruptcy schedule even after receiving a discharge because the defendants had demonstrated neither bad faith nor prejudice).

Like the defendants in *Myatt*, 101 B.R. at 200, Defendants have provided no evidence that Kurchack acted in bad faith when correcting his bankruptcy Schedules. While the Court is mindful that debtors should not be neglectful when filing their initial bankruptcy Schedules, this case presents a unique factual scenario in which exempt property appears to have been inadvertently left off of Kurchack's initial Schedules. Defendant also has failed to demonstrate prejudice, as a "'[s]imple delay in filing an amendment . . . where the case is not closed does not alone prejudice creditors.'" *In re Myatt*, 101 B.R. 197, 200 (Bankr. E.D. Cal. 1989) (quoting *Matter of Doan*, 672 F.2d 831, 833 (11th Cir. 1982)). It is unlikely that Kurchack would unfairly benefit himself or that any interested parties would be unfairly prejudiced by considering Kurchack's listing of the RBC Plan benefits as exempt.[5] *Cf.*

---

[5] The Court need not speculate whether the RBC Plan benefits would have been found exempt had a party objected to the amendment. Nevertheless, Arizona is an "opt-out" state, whose residents are not entitled to the exemptions listed in 11 U.S.C. § 522(d). *In re McNabb*, 326 B.R. 785, 786 (Bankr. D. Ariz. 2005) (citing A.R.S. § 33-1133(B)). For Arizona residents, the exemption of personal property in bankruptcy is governed by A.R.S. § 33-1126; *see also* 9A Am. Jur. 2d *Bankruptcy* § 1397 (2010) ("If a state has 'opted out' of

*Schneider v. UNUM Life Ins. Co. of Am.*, 2008 WL 109065, at *3–4, 6 (D. Or. Jan 8, 2008) (holding that creditors were not prejudiced when the plaintiff-debtor failed to list a potential cause of action against the defendants as an asset in bankruptcy because the asset would have been exempt and thus unavailable to creditors).

Moreover, it is not inequitable for Kurchack to amend his bankruptcy Schedules only in response to Defendants' Motion for Summary Judgment. The delay in correcting the Schedules does not suggest that Kurchack's initial failure to provide accurate schedules was purposeful. Rather, the Motion for Summary Judgment may have simply pointed Kurchack to his previous error. While Kurchack may have known facts underlying his claim to the RBC Plan benefits, this alone does not make Kurchack's prior omission anything more than inadvertent. *See Johnson*, 141 F.3d at 1369 ("Judicial estoppel applies when a party's position is tantamount to a knowing misrepresentation to or even fraud on the court.") (internal quotations omitted).

To be sure, several courts have applied judicial estoppel where a plaintiff amended his or her bankruptcy Schedules only after being served with a motion for summary judgment. *See, e.g.*, *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002) (holding that, where a plaintiff amends his or her bankruptcy filings only after having the prior omission challenged by motion, judicial estoppel bars the plaintiff's case because this "so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtors' assets"); *Allers-Petrus v. Colom. Recovery*

---

the federal exemption scheme, debtors who file in that state must claim exemptions pursuant to that state's laws, for while federal law controls exemptions generally and exemption procedures, state law governs specific property that may be exempted and the value of those exemptions."). Under A.R.S. § 33-1126(A)(4), "[a]ll money, proceeds or benefits of any kind to be paid . . . to the insured or any beneficiary under any policy of . . . disability insurance . . . benefits in use by any employer" are generally "exempt from execution, attachment or sale on any process issued from any court[.]" Because the benefits at issue are disability insurance benefits, they likely would have been found exempt on the merits. Finally, to the extent Defendants assert that A.R.S. § 33-1126(A) is preempted based on *In re Siegel*, Plaintiffs have offered insufficient authority to support such an argument. *See* 105 B.R. 556 (Bankr. D. Ariz. 1989) (preempting only subsection B of the same statute).

1  *Group, LLC*, 2009 WL 799676 at *3 (W.D. Wash. Mar. 24, 2009) (applying judicial estoppel
2  where the plaintiff "did not seek to amend her schedule of assets until after her plan had been
3  confirmed and [the defendant] filed the . . . motion for summary judgment in [the]
4  [p]laintiff's subsequent lawsuit"); *Acuna v. Conn. Gen. Life Ins. Co.*, 560 F. Supp.2d 548,
5  555 (E.D. Tex. 2008) (holding that judicial estoppel barred plaintiff's lawsuit where the
6  plaintiff amended her bankruptcy schedule after the defendants filed their motion for
7  summary judgment). None of these cases, however, dealt with a debtor who amended his
8  or her petition both when the bankruptcy case was still open and who listed an asset as
9  exempt. In a situation like this, bankruptcy law allows the debtor to file amended schedules
10 before the case closes. And when an asset is validly amended to become exempt, the late
11 amendment is unlikely to present any inequity. *See Schneider*, 2008 WL 109065 at *5–7
12 (holding that judicial estoppel does is inappropriate when the asset would have been exempt).

## II. Kurchack Has Cured Any Prudential Standing Defect.

Kurchack has standing to assert his claim to benefits from the RBC Plan, even though he may have lacked standing when he first filed his Complaint. When a debtor files for bankruptcy, "all the 'legal or equitable interests' he [or she] had in his [or her] property became the property of the bankruptcy estate and are represented by the bankruptcy trustee." *Turner v. Cook*, 362 F.3d 1219, 1225–26 (9th Cir. 2004) (quoting 11 U.S.C. § 541(a)(1)). When a party fails to schedule a claim in bankruptcy, that claim remains the property of the bankruptcy estate even after discharge, and the debtor lacks prudential standing to pursue it. *See Dunmore v. United States*, 358 F.3d 1107, 1110–12 (9th Cir. 2004); *see also Holland & Knight, LLP v. Deatley*, 357 F. App'x 83, 85 (9th Cir. 2009). A plaintiff's lack of prudential standing, however, can be cured if the property is exempt from the estate. *See Schneider*, 2008 WL 1995459, at *3 (holding that plaintiff could remedy prudential standing defects by having the bankruptcy trustee either insert itself as the real party in interest or abandon the claim to allow the plaintiff to pursue it); *Lucent Tech. Inc. v. Gateway, Inc.*, 2007 WL 1306535, at *4 (S.D. Cal. Apr. 27, 2007) (holding that a "party may cure" prudential standing defects in patent litigation); *Brockington v. Jones*, 2007 WL 4812205, at *3 (D. S.C. Nov.

28, 2007) (holding that a plaintiff lacks standing to pursue a civil matter unless the "claim was exempt from the state or abandoned by the trustee").

When Kurchack initially filed his Complaint, he may have lacked prudential standing because any claim to the RBC Plan benefits became part of the bankruptcy estate upon Kurchack's failure to list the property as exempt. Nonetheless, Kurchack now has cured the prudential standing defect by amending his bankruptcy Schedules to list his claim to the RBC Plan benefits as exempt. *See Schneider*, 2008 WL 1995459, at *3; *Lucent Tech.*, 2007 WL 1306535, at *4; *Brockington*, 2007 WL 4812205, at *3. As previously explained, the Bankruptcy Court has functionally decided that the RBC Plan benefits are exempt. Because his bankruptcy case had not yet been closed, Kurchack had the right to amend his bankruptcy Schedules to list the RBC Plan benefits as exempt. *See Magallanes*, 96 B.R. at 255 ("Under Bankruptcy Rule 1009(a), a voluntary petition, list or schedule may be amended by the debtor as a matter of course any time before the case is closed."). This amendment had the result of exempting Kurchack's claim to the RBC Plan benefits because thirty days passed without any objection to the amendment being filed. *See* 11 U.S.C. § 522(l) ("Unless a party in interest objects, the property claimed as exempt on [the list of the debtor's property] is exempt."); Fed. R. Bankr. P. 4003(b)(1) (providing that, in general, a party in interest must file an objection within 30 days after an amendment is filed). Kurchack amended his bankruptcy Schedule to list the RBC Plan benefits as exempt on March 11, 2010, and no objection was filed before April 11. Therefore, the rights to the RBC Plan benefits are exempt, and Kurchack has cured any prudential standing defect.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment (Doc. 13) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File a Sur-reply (Doc. 20) is **DENIED**.

DATED this 26th day of July, 2010.

*[signature: H. Murray Snow]*
G. Murray Snow
United States District Judge